IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH SHORT | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:16-cv-10906 |
| v. | ) | |
| | ) | Hon. Rebecca R. Pallmeyer |
| VEOLIA NORTH AMERICA LLC, VEOLIA WATER NORTH AMERICA-CENTRAL, LLC, VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC, VEOLIA WATER TECHNOLOGIES, INC. and ALCOA, INC. | ) ) ) ) ) ) ) | |
| Defendants | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)**

Plaintiff, JOSEPH SHORT, through his attorneys, MOTHERWAY & NAPLETON, LLP, responds to the Motion of Defendants, VEOLIA WATER NORTH AMERICA and ALCOA INC. (now ARCONIC), to Transfer Pursuant to 28 U.S.C. § 1404(a) as follows:

**I. INTRODUCTION**

The plaintiff is a resident of Illinois and works for a company in the Northern District of Illinois. Both defendants reside and do business in Cook County, Illinois. (See *Exhibits A and B, Defendants' Answers to the Complaint)*. Plaintiff filed his action in Cook County, which was then removed by the defendants to the Northern District of Illinois. Defendants claim the forum is inconvenient, but do little of substance to show that the action should be transferred to Iowa. The defendants fail to meet their substantial

1

burden to show that the transfer is clearly warranted. This court should deny the defendants' motion.

## II. LAW AND ARGUMENT

The movant on a § 1404(a) motion has the burden of showing a transferee forum is "clearly" more convenient than the one chosen by the plaintiff. *Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989). Unless the balance strongly favors transfer, the plaintiff's choice should rarely be disturbed. *Gulf Oil v. Gilbert*, 330 U.S. 501, 508 (1947). Mere conclusory assertions of inconvenience will not justify transfer. *Scheidt v. Klein*, 956 F.2d 963, 966 (10th Cir. 1992). A party seeking transfer should act with reasonable promptness. *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989). In evaluating a case for transfer, the court has two broad categories of factor to consider: (1) convenience of the parties and witnesses and (2) the interests of justice, which are public interest factors related to the efficient administration of the court system. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 220–21 (7th Cir. 1986). The statutory factors are like "placeholders" for broad interests that the court should consider and there is no statutory indication of the weight they should be given. *Id.* at 219. When ruling on a § 1404(a) motion, the court is not limited to these factors, but rather must engage in a case-by-case consideration of convenience and fairness. *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

Review of a district court's denial of a motion to transfer is limited because district courts have broad discretion to grant or deny a motion to transfer under 1404(a) and only if a court has abused its discretion will a decision be reversed. *Heller Financial, Inc.*, 883 F.2d at 1293.

### A. Plaintiff's Choice of Forum Should be Given Due Consideration

Plaintiff's choice of forum should not be disturbed unless his choice is clearly outweighed by other factors. *In re National Presto Indus.*, 347 F.3d 662, 665 (7th Cir. 2003). Although the plaintiff does not live in the Northern District of Illinois and understands his choice will be given less deference accordingly, he is an Illinois resident and works for KA Steel Chemicals, a company in Downers Grove, Illinois, which is within the Northern District of Illinois.

Plaintiff had legitimate concern that by filing in the Southern District of Iowa or even the Central District of Illinois, he would be subject to a venire of persons with personal connections to the large Arconic Davenport Works facility in the area. Plaintiffs are ordinarily allowed to select whatever forum they consider most advantageous consistent with jurisdictional and venue limitations. *Alt. Marine Const. Co. v. U.S. Dist. Ct. For W.D. Texas*, 134 S. Ct. 568, 581 (2013). Plaintiff believes that he is more likely to get a fair and impartial hearing of his case from a venire in the Northern District of Illinois, where he is employed, and his valid concerns should carry some weight. See, e.g., *Neil Bros. v. World Wide Lines, Inc.*, 425 F.Supp.2d 325, 333 (E.D.N.Y. 2006) (cost concerns considered).

### B. Defendant Fails to Identify Any Key Witnesses

The party seeking transfer must specify the key witnesses to be called at trial and provide a generalized statement of their testimony. *First Nat. Bank v. El Camino Resources, Ltd.*, 447 F.Supp.2d 902, 913 (N.D. Ill. 2006). Vague generalizations about witnesses are insufficient to support for a motion to transfer venue. *Heller Financial, Inc.*, 883 F.2d at 1293. The defendant cannot assert plaintiff's inconvenience as a basis of

transfer. *American Can Co. v. Crown Cork and Steel Co.*, 433 F.Supp. 333, 338 (E.D. Wis. 1977).

Despite having the burden of making a clear showing that its proposed forum of Iowa is the appropriate district in which this matter should be resolved, the defendants fail to identify any key witnesses that would testify at trial, even though the convenience of key witnesses is often the most important factor in determining whether to transfer. *First Nat. Bank*, 447 F.Supp.2d. at 913. A movant is obligated to specify key witnesses and provide a generalized statement of their testimony and to supply affidavits, depositions, stipulations, or other type of document containing information about the key witnesses and their testimony. *Heller Financial, Inc.*, 883 F.2d at 1293-1294.

The defendant repeatedly suggests that the Southern District of Iowa is close to the plaintiff's home in urging the court to transfer this matter to Iowa, but the case law is clear that the plaintiff's inconvenience is not be considered in the defendant's motion, as he has clearly indicated his preferred venue in which to litigate this matter. *American Can Co. v. Crown Cork and Steel Co.*, 433 F.Supp. 333, 338 (E.D. Wis. 1977). It should be noted that plaintiff also identified his supervisor at KA Steel Chemicals, Don Sweeny, who will provide information at trial about the plaintiff's time lost from work and information about the plaintiff's job and duties. See *Exhibit C, Plaintiff's 26(a)(1) disclosures*.

Plaintiff had medical treatment in Iowa, but it is unlikely that the medical providers would appear live at trial, regardless of the location of the trial (plaintiff was transferred for substantive treatment at the University of Iowa on the day of his injury, over an hour's drive from the Southern District of Iowa). As this court is aware, the Seventh Circuit has held that with the advent of advanced electronic communication, where high-quality video

4

conferencing, changes of venue based on travel inconvenience should be fewer because witnesses can be deposed and examined remotely and their videotaped testimony can be shown at trial. *AL and PO Corp.*, No. 14 C 1905 (N.D. Ill. Feb. 19, 2015) citing *In re Hudson*, 710 F.3d 716, 719 (2013). The parties can obtain information from medical witnesses without regard to the locale of the trial. While plaintiff has identified persons with knowledge of incident pursuant to his disclosure obligations, he has made no decisions on whom he will call to testify at trial. The majority of the plaintiff's substantive treatment was administered at the University of Iowa in Iowa City, over an hour away from Southern District of Iowa courthouse. It is unlikely these witnesses will travel to the courthouse for trial and are more likely to give videotaped depositions to be presented at trial.

Because the defendants failed to identify any key witnesses, because medical witnesses will likely testify via electronic means, and because the plaintiff's supervisor is in Northern District of Illinois, the court should find that the defendant has not shown transfer will benefit the witnesses.

**C. Other Issues With Access to Proof Do Not Warrant Transfer**

There are no issues with respect to the access to sources of proof that favor transfer. Though the injury in this matter occurred at the Arconic Davenport Works facility, it is highly unlikely the jury would travel to a dangerous chemical containment unit at the industrial plant in which the allegedly defective pipe fitting has already been replaced. See, e.g., *Marburg-Pattillo Const. Co. v. Bayside Whs. Co.*, 490 F.2d 155, 158 (5th Cir. 1974) (jury view of locale of incident might have been helpful but not proven by movant). Photographs of the site and the damaged fitting are proper substitutes for viewing the

scene. See, e.g., *Gdovin v. Catawba Rental Co.*, 596 F.Supp. 1325, 1326 (N.D. Ohio 1984) (photographs can be used rather than jury view).

When documents are easily transferable, access to proof is a neutral factor. *First Nat. Bank v. El Camino Resources*, 447 F.Supp.2d 902, 912 (N.D. Ill. 2006). There is no indication in this matter than any documentary or other proof will be difficult to obtain or access in one location or another.

**D. Available Relevant Statistics Favor the Northern District**

In evaluating the speed with which a case will be handled, the court typically looks to two statistics: (1) the median number of months from filing to disposition for civil cases; and (2) the median number of months from filing to trial for civil cases. *AL and PO Corp. v. American Healthcare Capital, Inc.*, No. 14 C 1905 (N.D. Ill. Feb. 19, 2015) citing *Juarez v. Nat'l RR Pasenger Corp.*, No. 06-cv-3681, WL 2713357, 3-4 (N.D. Ill. Sept. 12, 2007). In the Southern District of Iowa, the caseload statistics indicate 10.3 months from Filing to Disposition (months from filing to trial not available). In the Northern District of Illinois is 7.3 from Filing to Disposition and 41.4 from filing to trial. *Unites States District Courts — National Judicial Caseload Profile*, http://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0331.2017.pdf, last visited August 7, 2017. The only available, comparable, relevant statistic shows that cases in the Northern District of Illinois resolve at a significantly quicker rate than those in the Southern District of Iowa (7.3 months versus 10.3 months). The relevant statistics mitigate against transfer.

6

**E. Defendant Fails to Identify Any Conflict of Law Warranting Transfer**

A choice-of-law determination is required only when a difference in law will make a difference in the outcome. *Townsend v. Sears, Roebuck, and Co.*, 879 N.E.2d 893, 898 (Ill. Sup. Ct. 2007). Before entangling itself in messy issues of conflict of laws a court should be satisfied that there is actually a difference between the relevant laws of the different states. *Barron v. Ford Motor Co. of Canada Ltd.*, 965 F.2d 195, 197 (7th Cir. 1992). The court may disregard this factor if it is not clear which state's law will apply. *Vandeveld v. Chistoph*, 877 F.Supp. 1160 (N.D. Ill. 1995). Plaintiff's action sounds in negligence, the elements of which are the same in Iowa and Illinois. *C.f.*, *Thompson v. Kaczinski*, 774 N.W.2d 829, 834 (IA Sup. Ct. 2009) and *Ward v. K Mart Corp.*,136 Ill.2d 132, 140 (Ill. Sup. Ct. 1990).

Defendant may find some difference between Illinois and Iowa law with respect to this action, but it certainly has not identified it for this court in its motion on which it carries the burden. Notwithstanding, there is no reason to believe that should a difference arise, assuming for argument's sake that Iowa law would apply, that this court could not competently handle and understand Iowa law. See *In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 (Fed. Cir. 2010) (court familiar with applicable law and transfer properly denied). The defendants fail to show that Iowa law will apply or that this court would be unable to apply it if it were to be required to do so.

**F. Northern District of Illinois Has an Interest in the Resolution of the Case**

Plaintiff lives in Illinois and his company is based in the Northern District of Illinois. The plaintiff has an interest in having his rights adjudicated in the forum in which

he is employed, as does his employer. Requesting that jurors in the Northern District of Illinois serve to decide the matter involving a local employer's injury is appropriate.

### III. CONCLUSION

The defendant has the burden of showing the proposed transferee forum is "clearly" more convenient. It has failed to show that the public or private interest factors strongly support its position. Accordingly, plaintiff's choice of forum should not be disturbed. The defendants' motion should be denied.

Respectfully submitted,

/s/Brion Doherty
Brion W. Doherty
*Attorney for plaintiff*

**MOTHERWAY & NAPLETON, LLP**
140 S. Dearborn St., Ste. 1500
Chicago, IL  60603
(312) 726-2699
ARDC No. 6292713
bdoherty@mnlawoffice.com
vpirri@mnlawoffice.com
fdesk@mnlawoffice.com